UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

S.S., an Infant; LLOYD SCHOR, as legal guardian;
and ANDREA SCHOR, as legal guardian,
                              Plaintiffs,

v.                                                      6:11-CV-0036
                                                        (GTS/GHL)
WHITESBORO CENT. SCH. DIST.; DAVID
LANGONE, Superintendent of Whitesboro Sch. Dist.;
MICHAEL DEUEL, Athletic Director of Whitesboro
Cent. Sch. Dist.; JEFFERY KUHN, Principal of
Whitesboro High School; and HEATHER COLE,
Coach of Whitesboro High School Swim Team,
                              Defendants.

_____

APPEARANCES:                          OF COUNSEL:

OFFICE OF ANTHONY J. LaFACHE          ANTHONY J. LaFACHE, ESQ.
  Counsel for Plaintiffs              GREGG A. STARSCZEWSKI, ESQ.
288 Genessee Street, Suite 2
Utica, NY 13502

THE LAW FIRM OF FRANK W. MILLER       FRANK W. MILLER, ESQ.
  Counsel for Defendants              BRYAN N. GEORGIADY, ESQ.
6575 Kirkville Road
East Syracuse, NY 13057

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court, in this civil rights action filed by S.S., an infant, and by Lloyd

Schor and Andrea Schor as legal guardians for her ("Plaintiffs") against Whitesboro Central

School District, David Langone, Michael Deuel, Jeffery Kuhn and Heather Cole ("Defendants"),

is Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (Dkt. No.

13.)  For the reasons set forth below, Defendants' motion is granted.

I.      **RELEVANT BACKGROUND**

A.      **Plaintiff's Claims**

Generally, liberally construed, Plaintiffs' Amended Complaint alleges that, between approximately August 2009 and June 2010, in Whitestown, New York, Defendants violated the following rights of Plaintiff S.S., who was an infant at that time: (1) Defendants violated her rights under the Americans with Disabilities Act of 1990 ("ADA") by failing, during high school swim team practices, to make proper accommodations for her mental disability, which caused her to experience severe unannounced anxiety attacks in public places; and (2) Defendants violated her rights under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") in the same manner.  (*See generally* Dkt. No. 4 [Plfs.' Am. Compl.].)

More specifically, Plaintiffs' Amended Complaint alleges the following facts in support of these claims.  Plaintiff S.S., who was born in January of 1995,  was diagnosed in 2005 with a mental disorder, which causes her to suffer severe anxiety attacks in public.  (*Id.*)  Plaintiff S.S. has been treated by a psychologist and psychiatrist for this anxiety.  (*Id.*)  When Plaintiff S.S. enrolled at Whitesboro Senior High School for the 2009-2010 school year, her parents informed the school of Plaintiff S.S.'s condition and gave the school instructions regarding what to do when she suffered an anxiety attack.  (*Id.*)  Plaintiff S.S. "enrolled" in, and "did join and/or make," the school's swim team for the 2009-2010 school year.  (*Id.*)

During practice, Defendant Cole (the swim team coach) would require the athletes to stay in the swimming pool for "extended periods of time."  (*Id.*)  However, severe onsets of anxiety would trigger in Plaintiff S.S. thoughts of drowning, which prevented her from being able to stay in the pool for such periods of time.  (*Id.*)  As a result, she would need to exit the pool during

practice to ease her anxiety.  (*Id.*)  On "numerous occasions," all Defendants were "put on verbal notice" that Plaintiff S.S. needed to exit the pool during practices in order to ease her anxiety. (*Id.*)  However, when Plaintiff S.S. exited the pool during practice, she was "verbally attacked" by Defendant Cole who told her on numerous occasions that, if she did not get back in the pool, she would be kicked off the swim team.  (*Id.*)  One or more other swim team members with disabilities were able to exit the pool during practice, without being reprimanded and/or threatened of being kicked off the swim team.  (*Id.*)

In addition to experiencing anxiety attacks during swim practice, Plaintiff S.S. experienced severe anxiety attacks at swimming events.  (*Id.*)  In particular, she experienced a severe anxiety attack at a time trial on or about September 10, 2009, which caused her to get out of the pool and run to the restroom to ease her anxiety.  (*Id.*)  In response, Defendant Cole told S.S.'s guardians that "she did not get paid to baby-sit," and that Plaintiff S.S. was in jeopardy of being cut from the swimming team if she kept getting out of the water.  (*Id.*)  In addition, Plaintiff S.S. experienced a severe anxiety attack at a swim meet on or about October 8, 2009, which caused her to lose her self-composure.  (*Id.*)  In response, Defendant Cole told Plaintiff S.S., "[i]f you cannot compose yourself, go out with your Dad."  (*Id.*)  On numerous occasions, Defendant Cole told Plaintiff Andrea Schor that she could "tell when [Plaintiff S.S.] was faking anxiety, as opposed to having real attack."  (*Id.*)

At no time did Defendant Cole attempt to accommodate Plaintiff S.S.'s mental disorder.  (*Id.*)  Rather, Defendant Cole took actions that were wonton, deliberate and without justification.  (*Id.*)  As a result of Defendant Cole's actions, Plaintiff S.S.'s disability was exacerbated to such an extent that she was unable to attend school for the rest of the school's fall

semester.  (*Id.*)  Moreover, despite Plaintiffs' "repeated notice" to "School District Officials" about the situation and the marked toll it had taken on Plaintiffs S.S.'s academic success and emotional state, Defendants did "virtually nothing" to ensure that Plaintiff S.S.'s mental disorder was accommodated properly.  (*Id.*)

Familiarity with the remaining factual allegations in support of Plaintiffs' claims are assumed in this Decision and Order, which is intended primarily for review by the parties.  As relief for Plaintiff S.S.'s injuries, Plaintiffs request, *inter alia*, monetary damages and injunctive relief.  (*Id.* at 8-9.)  More specifically, the injunctive relief requested by Plaintiffs is "[a]n order enjoining defendants from engaging in the wrongful practices alleged herein and to provide plaintiff with a reasonable accommodation . . . ."  (*Id.*)

### B.  Defendants' Motion for Judgment on the Pleadings

Generally, in support of their motion for judgment on the pleadings, Defendants argue as follows: (1) Plaintiffs' claim under the ADA should be dismissed because they have failed to allege facts plausibly suggesting (a) it was possible to make reasonable accommodations for Plaintiff S.S.'s disability, and (b) Defendants exhibited deliberate indifference toward her disability; (2) Plaintiffs' claim under the Rehabilitation Act should be dismissed because they have failed to allege facts plausibly suggesting (a) it was possible to make reasonable accommodation for Plaintiff S.S.'s disability, (b) Defendants exhibited deliberate indifference toward her disability, and (c) Whitesboro Central School District receives federal funding sufficient to render it liable under the Rehabilitation Act; (3) Plaintiffs' request for injunctive relief should be denied because they have failed to allege facts plausibly suggesting that Plaintiff S.S. is currently threatened with irreparable harm; and (4) individually named Defendants should

4

be dismissed from the case because (a) individuals may be sued only in their official capacity

under the ADA and Rehabilitation Act when injunctive relief is sought and (b) holding

individuals liable is redundant under the principle of vicarious liability.  (*See generally* Dkt. No.

13, Attach. 1 [Defs.' Memo. of Law].)[1]

       In Plaintiffs' opposition to Defendants' motion for judgment on the pleadings, they argue

as follows: (1) Defendants' motion should be automatically denied because they have failed to

submit a Statement of Material Facts, as required by Local Rule 7.1(a)(3) of the Local Rules of

Practice for this Court, for motions for summary judgment; (2) Defendants failed to show that no

genuine issue of material fact exists as to whether reasonable accommodation could have been

made for Plaintiff's disability; (3) Plaintiff has alleged facts plausibly suggesting that

Whitesboro County School District acted with deliberated indifference to Plaintiff's rights under

federal law;

(4) it is an undisputed fact, based on the current record, that Whitesboro School District receives

federal funding; (5) injunctive relief should not be barred under the circumstances because the

relevant legal issue is not whether Plaintiff has alleged facts plausibly suggesting irreparable

harm in the absence of an injunction but whether Defendants have shown that it is undisputed,

based on the current record, that Plaintiff will not experience irreparable harm in the absence of

an injunction, which Defendants have not done; and (6) individuals named in their official

---

[1]    In their motion, Defendants note that they do not concede that Plaintiff S.S. has a
valid disability under the ADA or Rehabilitation Act for purposes of trial.  (Dkt. No. 13, Attach.
1 [Defs.' Memo. of Law].)  Rather, Defendants assume that Plaintiff S.S. has such a disability
only for purposes of their motion for judgment on the pleadings.  (*Id*.)  As a result, for purposes
of this Decision and Order, the Court will also assume that Plaintiff S.S. has a legally
recognizable disability under the ADA and Rehabilitation Act.

capacity should not be dismissed from the case because Plaintiff is properly seeking injunctive relief.  (*See generally* Dkt. No. 14 [Plfs.' Opp. Memo. of Law].)

In their reply, Defendants argue as follows: (1) Plaintiffs rely on the incorrect legal standard in opposing Defendants' motion for judgment on the pleadings (and thus a Statement of Material Facts is not required under the circumstances); (2) Plaintiffs have still not alleged facts plausibly suggesting that it was possible to make reasonable accommodations for Plaintiff S.S.'s disability; (3) Plaintiffs have also not alleged facts plausibly suggesting that Defendants acted with deliberate indifference toward Plaintiff S.S.'s federally protected rights; (4) Plaintiffs have also not alleged facts plausibly suggesting that Whitesboro School District receives federal funding; (5) Plaintiffs have also not alleged facts plausibly suggesting that Plaintiff S.S. will suffer irreparable harm in the absence of an injunction; and (6) because Plaintiffs' request for injunctive relief should be dismissed (and, in the alternative, because Plaintiffs have asserted claims against Defendants in their official capacities), Plaintiffs can maintain no claim against Defendants in their individual capacities. (*See generally* Dkt. No. 15 [Defs.' Reply Memo. of Law].)

## II.    RELEVANT LEGAL STANDARDS

### A.    Legal Standard Governing Motions for Judgment on the Pleadings

"After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is governed by the same standard as is the standard governing a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir.1983).  For the sake of brevity, the Court will not recite, in this Decision and Order, the well-

known legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but will direct the reader to the Court's decision in *Bridgeforth v. Popovics*, 09-CV-0545, 2011 WL 2133661, at *2-4 (N.D.N.Y. May 25, 2011) (Suddaby, J.), which accurately recites that legal standard.

The Court would add only that, in their opposition memorandum of law, Plaintiffs cite, and largely rely on, the legal standard governing a motion for summary judgment pursuant to Fed. R. Civ. P. 56 instead of a motion for judgment on the pleading pursuant to Fed. R. Civ. P. 12(c) (or a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12[b][6]). (Dkt. No. 14.)  Because Plaintiffs have offered no reason for the Court to conclude that Defendants' motion for judgment on the pleading should be converted to one for summary judgment, the Court declines to do so.  *Cascio v. Nettles*, 09-CV-1128, 2011 WL 3847337, at *2-4 (N.D.N.Y. Aug. 30, 2011) (Suddaby, J.)  (reciting legal standard governing conversions of motions for judgment on pleadings to motions for summary judgment); *Bridgeforth*, 2011 WL 2133661, at *5 (reciting legal standard governing such conversions of motions to dismiss to motions for summary judgment).  As a result, the relevant legal standard under the circumstances is one pursuant to Fed. R. Civ. P. 12(b)(6).

### B.    Legal Standards Governing Plaintiffs' Claims

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in detail, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties.  (*See* Dkt. No. 13 [Defs.' Memo. of Law]; Dkt. No. 14 [Plfs.' Opp. Memo. of Law]; Dkt. No. 15 [Defs.' Reply Memo. of Law].)  Rather, the Court will recite those standards only in general terms.

The Second Circuit has recognized that claims made under the ADA and the Rehabilitation Act are so similar that they should be analyzed together. *Weixel v. Bd. of Educ. of City of New York,* 287 F.3d 138, 146 n.6 (2d Cir. 2002).  To assert a claim under the ADA or Rehabilitation Act, a plaintiff must allege as follows: (1) she has a disability for purposes of the ADA and/or the Rehabilitation Act; (2) she is otherwise qualified for a benefit that she was denied; and (3) she was denied that benefit because of her disability. *Weixel,* 287 F.3d at 146-47 (citing *Doe v. Pfrommer,* 148 F.3d 73, 82 [2d Cir. 1998]).  "An otherwise qualified handicapped individual is one who is able to meet all of a program's requirements in spite of his handicap." *Mrs. C v. Wheaton,* 916 F. 2d 69, 74 (2d Cir. 1990) [internal quotation marks omitted] (quoting *Southeastern Cmty. College v. Davis,* 442 U.S. 397, 406 [1979]).  A claim under the Rehabilitation Act has the added element of requiring a plaintiff to allege facts plausibly suggesting that the benefit of which she is denied is part of a program or activity that receives federal funding.  29 U.S.C. 794(a); *Doe*, 148 F.3d at 82.

These otherwise-qualified individuals must be given reasonable accommodations. *Powell v. Nat'l Bd. of Med. Exam'rs,* 364 F.3d 79, 85 (2d Cir. 2004).  An accommodation will be deemed unreasonable if it would (1) "fundamentally alter the nature of the service, program, or activity," or (2) "impose an undue hardship on the operation of [the] program."  28 C.F.R. § § 35.130(b)(7), 41.53.

When seeking money damages for a violation of the ADA or the Rehabilitation Act, a plaintiff must make a showing that the violation resulted from a "deliberate indifference" to secured statutory rights.  *Fera v. City of Albany,* 568 F. Supp.2d 248, 259 (2d Cir. 2008) [internal quotation marks omitted] (quoting *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn,* 280 F.3d 98, 115 [2d Cir. 2001]).  Deliberate indifference is a subjective element that requires more than mere

negligence but less than "acts or omissions for the very purpose of causing harm or which

knowledge that harm will result." *Farmer v. Brennan,* 511 U.S. 825, 835 (1970). "The

subjective element requires a state of mind that is equivalent to criminal recklessness."

*Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir. 1996).[2]  For criminal recklessness, defendants

must have "knowledge of, and conscious regard for, [the] serious risk." *Carrasquillo v. City of*

*New York,* 324 F. Supp.2d 428, 439 (S.D.N.Y. 2004).

Pursuant to the well-known legal standard governing motions for injunctive relief, the

party seeking such relief must establish two things: (1) a likelihood of irreparable harm if the

requested relief is denied; and (2) either (a) a likelihood of success on the merits of its case, or

(b) sufficiently serious questions going to the merits to make them a fair ground for litigation,

and a balance of hardships tipping decidedly in its favor. *Sunward Electronics, Inc. v.*

*McDonald,* 362 F.3d 17, 24 (2d Cir. 2004).

## III.   ANALYSIS

### A.   Plaintiffs' Claim for Money Damages Under the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973

As stated above in Part I.B. of this Decision and Order, Defendants seek the dismissal of

this claim for the following three reasons: (1) Plaintiffs have failed to allege facts plausibly

suggesting that Defendants could have made reasonable accommodation for Plaintiff S.S.'s

disability; (2) Plaintiffs have failed to allege facts plausibly suggesting that Defendants exhibited

deliberate indifference when they allegedly denied Plaintiff S.S. the benefits of attending school

---

[2]      *See also Brennan,* 511 U.S. at 827 ("[S]ubjective recklessness as used in the criminal law is a familiar and workable standard . . . and we adopt it as the test for 'deliberate indifference' . . . ."); *Hemmings v. Gorczyk,* 134 F.3d 104, 108 (2d Cir. 1998) ("The required state of mind [for a deliberate indifference claim is] equivalent to criminal recklessness . . . .") [internal quotation marks and citations omitted].

and (3) Plaintiffs have failed to allege facts plausibly suggesting that Defendants receive federal funding.

The Court accepts Defendants' first argument for three reasons.  First, Plaintiffs have failed to allege facts plausibly suggesting that, regardless of Plaintiff S.S.'s disability, she was otherwise qualified to meet all of the swim team program's requirements.  An essential requirement of a swim team participation is that the swimmer must be able to swim when called upon to do so.  In Plaintiffs' own Amended Complaint, they allege that Plaintiff S.S. needed to exit the pool multiple times during swim practices.  Further, Plaintiffs' Amended Complaint alleges that Plaintiff S.S. needed to exit the pool during two swim team events, a time trial and a swim meet.  These incidents substantially interfered with Plaintiff S.S.'s ability to swim when called upon to do so.  According to Plaintiffs' own factual allegations, although Plaintiff S.S. was able to swim, she was unable to remain in the pool or enter the pool when called upon by the swim team coach.

Second, Plaintiffs have failed to allege facts plausibly suggesting that Defendants could have made reasonable accommodations for Plaintiff S.S.'s disability.  Plaintiffs allege that the anxiety attacks that Plaintiff S.S. experienced in swimming pools induced in her a fear of drowning.  Plaintiffs further allege that, due to this fear, they requested the accommodation of permitting Plaintiff S.S. to exit the pool for indeterminate periods of time–on unannounced occasions during practices and swim competitions–to calm her nerves, without being kicked off of the team.  There is no reasonable accommodation that a swim team coach could make for an athlete who is suddenly and sporadically afraid of the water and thus has to exit the pool during practices and competitions.  As stated above, one of the essential requirements of swim team members is the ability to enter, and remain in, the pool when required by the coach during

10

practices and competitions.[3]  To require otherwise would fundamentally change the nature of the

swim team and thus be unreasonable.

Third, the accommodation that Plaintiffs request was already provided to Plaintiff S.S. by

Defendants.  In their Complaint, Plaintiffs allege that the accommodation they requested of

Defendants was that Plaintiff S.S. be permitted to exit the pool for indeterminate periods of

time–on unannounced occasions during practices and swim competitions–to calm her nerves,

without being kicked off of the team.  (Dkt. No. 4, at ¶¶ 22, 25.)  Similarly, Plaintiffs argue in

their opposition papers that "the accommodation sought was simply to allow [Plaintiff S.S.] to

get out of the pool in the event of an anxiety episode."  (Dkt. No. 14, at 12 [Plfs.' Opp. Memo. of

Law] [emphasis removed].)  However, Plaintiffs have not alleged facts plausibly suggesting that

there was any occasion when Plaintiff S.S. was not allowed to get out of the pool.  (*See generally*

Dkt. No. 4.)  Rather, she alleges that she was able to do so but experienced criticism and threats

of being kicked off the team.  (*Id.*)  However Plaintiffs have not alleged facts plausibly

---

[3]        For example, Plaintiffs' Amended Complaint does not allege facts plausibly suggesting that there was anything about Whitesboro High School Girls' Swim Team practices and competitions that differs from typical such practices and competitions, which often require swimmers to (1) remain in the pool for extended periods of time during practice to gain stamina and endurance, and (2) enter, and remain in, the pool at the command of a starter during competitions, subjecting themselves to disqualification if they fail to do so.  *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *cf. Neeld v. Nat'l Hockey League*, 594 F.2d 1297, 1301 (9th Cir. 1979) ("The court takes judicial notice that ice hockey is a very rough physical contact sport, and that there is bound to be danger to players who happen to be on [the plaintiff's] blind side. . . ."); *Fortin v. Darlington Little League, Inc. (Am. Div.)*, 376 F. Supp. 473, 479 (D.C. R. I. 1974) ("This Court takes judicial notice that baseball is a contact sport and that at times such contacts are violent."), *rev'd on other grounds*, 514 F.2d 344 (1st Cir. 1975); *Lieberthal v. N. Country Lanes, Inc.*, 221 F. Supp. 685, 687 (S.D.N.Y. 1963) ("Although not spelled out in the amended complaint, the nature of the sport (or recreation) of bowling is a well known fact of which the Court can take judicial notice.").

suggesting that Plaintiff S.S. was ever kicked off of the swim team. (*Id.*) Rather, she alleges facts plausibly suggesting that she quit the team when she left school at some point during the semester. (*Id.* at ¶ 32.)

Moreover, the Court accepts Defendants' second argument for two reasons. First, Plaintiff S.S. does not have a right to participate in school sports teams as part of her federally protected right to education. Even if the right to participate in a school sports team was included in Plaintiff's federally protected right to education, that right would not contain a specific right to participate in the school's swim team. As the Seventh Circuit has explained, "The fact that [the plaintiff]'s goal of playing . . . basketball is frustrated does not substantially limit his education. The Rehabilitation Act does not guarantee an individual the exact educational experience that he may desire, just a fair one." *Knapp v. Nw. Univ.,* 101 F.3d 473, 482 (7th Cir. 1996). Here, Plaintiff S.S.'s inability to participate in the swim team did not deny her of a fair educational experience. Plaintiffs have failed to allege any facts plausibly suggesting that swim team participation was vital to Plaintiff S.S.'s receipt of a fair educational experience. In addition, Plaintiffs have failed to allege facts plausibly suggesting that Plaintiff S.S. had no options to participate in school sports that were unaffected by her fear of drowning.

Second, Plaintiffs have failed to allege in their Amended Complaint facts plausibly suggesting Defendants knew their actions were substantially likely to result in a denial of Plaintiff S.S.'s federally protected right to education. Plaintiffs do not allege that any Defendant knew or could have known that Plaintiff S.S.'s alleged lack of accommodation would render her completely unable to attend school. For example, Plaintiffs do not allege facts plausibly suggesting that Plaintiff S.S. had been previously unable to attend school (for any period of time) because of any lack of accommodation and/or that Defendants knew of that inability. While this

fact is by no means determinative in the Court's reasoning, the Court cannot help but note that the deliberate indifference alleged by Plaintiffs regards Defendants' treatment of Plaintiff S.S. on the swim team, not their treatment of her in the classroom.

Finally, the Court accepts Defendants' third argument. Even construed liberally, Plaintiffs' Amended Complaint does not allege facts plausibly suggesting that Defendants receive federal funding. (*See generally* Dkt. No. 4.) To state a claim under the Rehabilitation Act, a plaintiff must allege, among other things, that she is being denied a benefit that is part of a program or activity receiving federal funding.[4] Because Plaintiffs have already filed an Amended Complaint, and because they are represented by experienced counsel, the Court declines to construe Plaintiffs' Amended Complaint as somehow amended by their argument in their opposition memorandum of law that "[i]t is undisputed that the District receives federal funding." (Dkt. No. 14, at 17 [Plfs.' Opp. Memo. of Law].) Even if it did so, it would find the allegation wholly conclusory, under the circumstances. The Court notes that the case cited by Plaintiffs–in which the City of New York conceded that it receives federal funding–is clearly inapposite. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).[5]

---

[4]     *See Garcia v. Miller*, No. 99-0009, 1999 WL 1212651, at *4 n.3 (2d Cir. 1999) (noting, "in passing[,] that the Rehabilitation Act claim as stated in the complaint is faulty because it does not allege that the prison in which plaintiff is housed receives federal funding"); *Doe*, 148 F.3d at 82 (holding that one of the elements of a Rehabilitation Act claim is that the benefit allegedly denied to plaintiff "is part of a program of activity receiving Federal financial assistance.") [internal quotations omitted]; *Doyle v. Univ. of Alabama in Birmingham*, 680 F.2d 1323, 1326-27 (11th Cir. 1982) (affirming lower court's decision dismissal of the plaintiff's Rehabilitation Act claim on the grounds that the plaintiff failed to allege that the defendant "received or was directly benefitted by federal financial assistance").

[5]     The Court also notes that Plaintiffs' reliance on an "undisputed" fact (and thus a Rule 56 argument) in opposing Defendants' Rule 12(b)(6) argument regarding the element of federal funding is so non-responsive to Defendants' argument as to tempt the Court to conclude that Plaintiffs have actually failed to oppose Defendants' legal argument, lightening Defendants' burden with regard to that argument. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed

13

The Court notes that, under ordinary circumstances, it would give Plaintiffs leave to amend their pleadings to include an allegation that Defendants receive federal funding. However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.[6] Moreover, an opportunity to amend is not required where the defects in a plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.[7]  Here, Plaintiffs have already filed an Amended Complaint.  In any event, granting

_____

motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n. 1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases). However, the Court need not, and does not, render that conclusion.

   [6]      *See Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n. 25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord, Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n. 20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct.24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing that denial of leave to amend is not abuse of discretion where movant has repeatedly failed to cure deficiencies in pleading).

   [7]      As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile."); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that denial of leave to amend not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").

them leave to file a Second Amended Complaint would be futile because their Amended

Complaint fails for reasons more substantive than simply neglecting to include an allegation that

Defendants receive federal funding: as discussed above in Part III.A. of this Decision and Order,

Plaintiffs' claims fail for additional, substantive reasons, as well. As a result, the Court declines

to grant Plaintiffs leave to file a Second Amended Complaint.

For each of these alternative reasons, Plaintiffs' monetary damage claims for violation of

the ADA and the Rehabilitation Act are dismissed.

### B.     Plaintiffs' Request for Injunctive Relief Under the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973

As stated above in Part I.A. of this Decision and Order, as relief for Plaintiff S.S.'s

injuries, Plaintiffs' request, *inter alia*, injunctive relief in the form of "[a]n order enjoining

defendants from engaging in the wrongful practices alleged herein and to provide plaintiff with a

reasonable accommodation . . . ." (Dkt. No. 4, at 7-8.)  As stated above in Part I.C. of this

Decision and Order, Defendants seek the dismissal of this request because Plaintiffs have failed

to allege facts plausibly suggesting that Plaintiff S.S. will experience irreparable harm if the

requested injunction is not issued.  Based on allegations of Plaintiffs' Amended Complaint, the

Court accepts Defendants' argument.

As an initial matter, because the Court has already concluded that Plaintiffs' underlying

claims should be dismissed, the Court finds that their request for injunctive relief should be

dismissed as well.[8]  In the alternative, the Court dismisses this request because Plaintiffs have

---

[8]     *Cf. Silvas v. G.E. Money Bank*, 10-CV-16525, 2011 WL 3916073, at *2 (9th Cir. 2011) (holding thatm when "the operative complaint has been dismissed," it is proper to dismiss, as moot, an interlocutory appeal challenging the lower court's denial of a preliminary injunction); *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (holding that an appeal from the denial of a preliminary injunction was moot where the court, in the same appeal, denied relief on the merits).

not alleged any facts suggesting that Plaintiff S.S. will *likely* suffer any form of harm as a result

of a denial of injunctive relief, let alone an *irreparable* harm (which could not be compensated

by money damages).  For example, Plaintiffs have not alleged facts plausibly suggesting that

Plaintiff S.S. is currently enrolled in the Whitesboro Central School District, such that the

granting of the requested relief would make any difference to her.[9]  Indeed, she has alleged facts

suggesting that she left Whitesboro High School.  (Dkt. No. 4, at ¶ 32.)

     For these reasons, Plaintiffs' request for injunctive relief under the ADA and the

Rehabilitation Act is dismissed.

     **ACCORDINGLY,** it is

     **ORDERED** that Defendants' motion for judgment on the pleadings (Dkt. No. 13) is

**<u>GRANTED</u>**; and it is further

     **ORDERED** that Plaintiffs' Amended Complaint (Dkt. No. 4) is **<u>DISMISSED</u>**; and it is

further

     **ORDERED** that the Clerk of Court shall enter Judgment for Defendants.

Dated: January 31, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[9]    *Cf. Dennin v. Conn. Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 100 (2d Cir. 1996) (holding that a high school athletic conference's appeal from a preliminary injunction that required the conference, under the ADA and Rehabilitation Act, to waive the maximum age limitation to allow the 19-year-old plaintiff with Down Syndrome to compete on the swim team during the school year was moot because the school year and swim team's season had ended); *Dove v. Broome Cnty. Corr. Facility*, 10-CV-0002, 2011 WL 1118452, at *1, n.3 (N.D.N.Y. Feb. 17, 2011) (Scullin, J.) ("Since it appears that plaintiff is no longer confined in the Broome CCF, his request for injunctive relief [from that facility] is subject to denial as moot.").

16